PER CURIAM.
This is an appeal of an order summarily denying a motion under Florida Rule of Criminal Procedure 3.850. On appeal from a summary denial, this court must reverse unless the postconviction record, see Fla R.App. P. 9.141(b)(2)(A), shows conclusively that the appellant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(D).
On July 26, 2004, defendant, William Coleman Felts, entered a guilty plea to one count of sexual battery on a minor in violation Section 794.011(2), Florida Statutes, one count of lewd and lascivious molestation of a child under twelve years in violation of section 800.04(5)(b), and one count of battery of a child by bodily fluids in violation of section 784.085. In each of these counts, the defendant was sentenced concurrently to fifteen years in state prison followed by ten years of probation.
Defendant filed a Rule 3.850 motion for post conviction relief alleging four grounds, one of which has merit. The State confesses that defendant is correct that the count regarding battery of a child by bodily fluids constitutes a third-degree felony. § 784.085(2), Fla. Stat. (2004). Third-degree felonies are punishable by a maximum sentence of five years. § 775.082(3)(d), Fla. Stat. (2004) (“For a felony of the third degree, by a term of imprisonment not exceeding 5 years.”). Since defendant’s fifteen-year sentence as to the third count exceeds the statutory maximum, we reverse and remand for re-sentencing on this count.
Affirmed in part, reversed in part and remanded for resentencing consistent with this opinion.